Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 7461 | DATE | April 28, 2004 |
| CASE TITLE | *Roberson v. Alliance Midwest* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Alliance Midwest's motion for summary judgment [49-1] is granted. Because Mr. Johnson and Mr. Taylor are the only remaining plaintiffs in this case, this decision resolved all claims as to all parties so the clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 28 2004 date docketed | 50 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE ROBERSON, WILLIE )
JOHNSON and OLIVER TAYLOR, )
    Plaintiffs, )
     )
v. ) 99 C 7461
     )
ALLIANCE MIDWEST TUBULAR )
PRODUCTS, INC. )
    Defendant. )

## MEMORANDUM AND ORDER

Plaintiffs Willie Johnson and Oliver Taylor, who are both African-American, contend that defendant Alliance Midwest Tubular Products violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Specifically, Mr. Johnson asserts that Alliance Midwest discriminated and retaliated against him on the basis of his race by denying him overtime hours and Mr. Taylor asserts that Alliance Midwest discriminated against him by wrongfully failing to hire him. In their motion for summary judgment, Alliance Midwest contends, among other things, that Mr. Johnson and Mr. Taylor's claims are time-barred. For the following reasons, the court agrees and thus grants Alliance Midwest's motion for summary judgment.

**DOCKETED**
**APR 2 8 2004**

### Background

The pertinent facts are straightforward and uncontested. On September 14, 1999, Mr. Johnson and Mr. Taylor received right to sue letters from the EEOC. On November 16, 1999, a pro se complaint was filed which listed George Roberson, Calvin Smith, Mr. Johnson, and Mr. Taylor as plaintiffs in the caption. The complaint's allegations, however, focused solely on facts

relating to Alliance Midwest's alleged discrimination against Mr. Roberson, who is also African-American.

Specifically, Mr. Roberson wrote the complaint in the first person and was the only person to sign the complaint. According to Mr. Roberson, after his interview with Alliance Midwest, he repeatedly called back to see if he had been hired. Alliance Midwest told him that it was not hiring but nevertheless hired sixteen Caucasians, one African-American, and one Hispanic. Mr. Roberson attached his EEOC charge to the complaint. In his charge, Mr. Roberson stated that he believed that Alliance Midwest had discriminated against him based on his race because he had extensive relevant experience, Alliance Midwest was hiring mostly Caucasians, and only 10% of its workforce was African-American.

The complaint did not contain any pattern and practice allegations, refer in any way to the remaining three plaintiffs, or attach any of their EEOC documents. On February 7, 2000, the plaintiffs amended their complaint to add allegations addressing Mr. Johnson and Mr. Taylor. The claims against Mr. Smith were subsequently dismissed.

## Standard for a Motion for Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992).

2

The determination as to what facts are "material" in employment discrimination cases depends upon the substantive law of employment discrimination, and the burden of proof applicable under the law. *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 922 (1988). When considering motions for summary judgment in discrimination cases, the court applies these criteria with added rigor because the matters of intent and credibility are crucial issues. *See Sarsha v. Sears, Roebuck, & Co.*, 3 F.3d 1035, 1038 (7th Cir. 1993).

## Discussion

A plaintiff has ninety days after receipt of a right to sue letter from the EEOC to file a Title VII action. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Velasco v. Illinois Dept. of Human Services.*, 246 F.3d 1010, 1018 (7th Cir.2001). In this case, the original complaint, which included Mr. Johnson and Mr. Taylor in the caption, was filed within the statutory 90 day period. Alliance Midwest, however, contends that Mr. Johnson and Mr. Taylor's claims against it first appeared in a recognizable form in the amended complaint, which was filed after the 90 day period had expired. They thus argue that these claims are untimely because they do not relate back to the original complaint.

The relation back rule is premised on the idea that a defendant should have fair notice of a claim. *See generally* 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1497 at 94-95 (2d ed. 1990). "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "[R]elation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a

different substantive legal theory than that advanced in the original pleading . . . . Thus, a new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim arises from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint." *Bularz v. Prudential Insurance Company of America*, 93 F.3d 372, 379 (7th Cir.1996).

This means that Mr. Johnson and Mr. Taylor's Title VII claims are timely only if they arise out of the same "conduct, transaction, or occurrence" set forth in the original complaint. *See id.* In their response to Alliance Midwest's motion for summary judgment, Mr. Johnson and Mr. Taylor stress that their names appeared in the caption of the original complaint. Based on this fact, they assert that Alliance Midwest should have inferred that they were raising Title VII claims. The court disagrees. It is well established that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir. 1998); *see also Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) (complaint failed to state claim against governor where the plaintiff only mentioned the governor's name in the complaint's caption and did not allege any wrongdoing by the governor in the body of the complaint); *Tolley v. Kivett*, No. 1:01CV00410, 2002 WL 31163773 at *2 (M.D.N.C. Jul 01, 2002) (dismissing complaint for failure to state a claim where the plaintiff named a defendant in the caption and one paragraph of the complaint and did not provide any allegations relating to how the defendant violated the law or injured him); *Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985 at *3 n.2 (N.D. Ill. Dec 18, 2002) (naming of defendant's name in the caption was not enough to state claim against that defendant); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999), *aff'd sub*

*nom. Dove v. O'Hare*, 210 F.3d 354 (2nd Cir. 2000) (unpublished order) ("where the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted"); *Holder v. State of N.Y.*, No. 98 CIV. 0354 (MBM), 1998 WL 744021 at *3 (S.D.N.Y. Oct 26, 1998) (dismissing complaint for failure to state a claim as to defendants who were merely listed in the caption).

So, does the rule that a plaintiff cannot state a claim against a defendant by simply including that defendant in the caption mean that a plaintiff who names himself in the caption but provides absolutely no details in the complaint regarding the nature of his suit also fails to state a claim? The court finds that the answer to this question is "yes" because in both cases, the defendant knows it is being sued but does not know why.

To illustrate, suppose X and Y wish to sue Z for employment discrimination. In scenario #1, X and Y sue Z but the complaint (as in the case actually before the court) does not provide Z with any indication as to the basis of Y's claims although it does include Y in the caption. Z is left to ponder its past relationship, if any, with Y and come up with hypotheses as to why Y might be suing it. In scenario #2, which is the reverse situation, X and Y again sue Z but their complaint alleges wrongdoing that is completely unconnected with Z. Z is again left to figure out why it is being sued.

The Seventh Circuit and numerous other courts have found that scenario #2 does not state an actionable claim because it is the plaintiff's job to alert the defendant to the broad contours of his claim. *See supra*. This logic applies equally to scenario #1 because in that situation, the defendant also does not know what claim the plaintiff is attempting to bring. Accordingly, the

mere presence of Mr. Johnson and Mr. Taylor's names in the caption fails to state a recognizable claim against Alliance Midwest.

This is so even though the plaintiffs were proceeding pro se at the time they filed their complaint. The court construes pro se pleadings as generously as possible, but at the end of the day, it cannot create an entirely new set of procedural rules to govern pleadings filed by pro se litigants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (complaint was properly dismissed, even under the liberal construction to be given pro se complaints, where it alleged no specific conduct on the part of the defendant and was silent as to the defendant except for his name appearing in the caption). The court thus declines to adopt a rule which would require defendants to divine a pro se plaintiff's cause of action based on the presence of his name in a caption. *See id.*

The court also notes that, in any event, the claims raised by Mr. Johnson and Mr. Taylor in the amended complaint do not arise out of the same conduct, transaction, or occurrence alleged in the original complaint. With the benefit of hindsight, the court knows that all of the plaintiffs named in the original complaint wanted to raise discrimination complaints against Alliance Midwest. However, each plaintiff's claim was based on a unique and unconnected set of facts and circumstances. While simply saying, "the defendant discriminated against me on the basis of my race," is enough to state a claim for race discrimination, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998), the original complaint here did not even contain this rudimentary information. Instead, it left Allied Midwest with the untenable task of figuring out who the plaintiffs were, how they might have been connected to Allied Midwest, and what their claims might possibly be.

To conclude, the court finds that, despite Mr. Johnson and Mr. Taylor's pro se status, they did not state a colorable claim for discrimination against Alliance Midwest in the original complaint. This means that the amended complaint, which raises specific discrimination claims on behalf of Mr. Johnson and Mr. Taylor for the first time, does not relate back to the original complaint because that original complaint did not contain any claims relating to either Mr. Johnson or Mr. Taylor. There is thus nothing for the amended complaint to relate back to.

Alternatively, the court finds that the allegations in the amended complaint do not arise out of the same conduct, transaction, or occurrence alleged in the original complaint so they do not relate back. This means that, despite the court's preference for resolving claims on their merits, the court finds that Mr. Johnson and Mr. Taylor's Title VII claims against Alliance Midwest are time-barred.

### Conclusion

Alliance Midwest's motion for summary judgment [49-1] is granted.

DATE: 4-29-04

Blanche M. Manning
U.S. District Court Judge

99cv7461.sj

7